UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JESSE L. YOUNGBLOOD,

        Plaintiff,                                   No. C 13-2097 PJH (PR)

  vs.                                                            **ORDER OF DISMISSAL**

M.S. EVANS, et. al.,

        Defendants.
                                     /

      Plaintiff, a prisoner at Corcoran Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.  He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.  Standard of Review**

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Initially, the court notes that this complaint is substantially similar to a prior complaint that plaintiff filed with this court that was dismissed with prejudice and his in forma pauperis status was revoked on appeal.  *See Youngblood v. Warden* C 12-4423 PJH (PR).  Therefore, this case is dismissed as duplicative.  *Adams v. Cal. Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007).  In the alternative, the case is dismissed for the reasons set forth below.

Plaintiff's claims are difficult to understand.  He generally states that from 2005 to 2010 there were intolerable prison conditions at Salinas Valley State Prison.  Plaintiff provides few specific claims other than he was forced to have a cellmate, guards verbally harassed him and property was improperly taken.

Allegations of verbal harassment and threats fail to state a claim cognizable under 42 U.S.C. § 1983.  *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (harassment); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (threats).  Plaintiff is also

informed that neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property. *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).

In the prior similar complaint, plaintiff was provided leave to amend but failed to cure the deficiencies of the complaint. As the actions are similar and plaintiff was already provided an opportunity to amend in the prior case, this action will be dismissed for failure to state a claim without leave to amend.

## CONCLUSION

This action is **DISMISSED** without leave to amend as frivolous and for failure to state a claim.

**IT IS SO ORDERED.**

Dated: May 14, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Youngblood2097.dis.wpd

**United States District Court**
For the Northern District of California

3